Nicholson, C. J.,
delivered the opinion of the Court.
At the , February Term, 1868, of the County Court of Hardin county, an order was made upon Alex. G-. Pickens to appear at the April Term, and make settlement of his accounts as guardian of the minor heirs of B. S. Bivens. He appeared before the Clerk, and made his settlement, which was reported to the Court. Thereupon exceptions were taken to the settlement, and the report referred hack to the Clerk for further proceedings. After taking proof, the Clerk again reported a settlement to the Court, showing a balance in the hands of the guardian of about four hundred and fifty-six dollars, which was confirmed. And, thereupon the Court ordered, adjudged, and decreed that George D. Bivens and Perry Bivens, by their guardian and next friend, J. K. Bivens, recover of the said Alex. G. Pickens, the sum of four hundred and fifty six dollars and costs,, for which execution might issue.
The question 'for our determination is, whether the County Court had jurisdiction to render judgment against the guardian, and to award execution for the amount found due from him on confirmation of his settlement.
The jurisdiction to render judgment and award *231 execution is claimed as an incident to the jurisdiction of the Court, as to tRe settlement of guardian’s accounts.
The jurisdiction to make ■ settlements with guardians is conferred by sec. 4201 of the Code and by sec. 4203 the Court is vested with all the power and authority necessary and proper to the exercise of this jurisdiction. TJnder this section the County Court has power to • take all proper measures for bringing delinquent guardians to a settlement of their accounts. The settlement of their accounts — that is the ascertainment of the state of their accounts, and of the amount for which they are' responsible to their wards — is the extent of their jurisdiction.
After the Court has brought the guardian to a settlement, unless it has the incidental power to render judgment, its jurisdiction is exhausted. The settlement so made is not conclusive, but only prima facie evidence of the correctness of the account, as stated and settled. The rendition of a judgment, and the awarding of execution, are not necessary steps in the exercise of the jurisdiction, and the statute contemplates no further action by the County Court after settlement is made.
It is insisted, however, that the rendering of a judgment and awarding an execution in. such case may be sustained under sec. 4204, which vests the County Court with all the incidental powers belonging to, or conferred upon the court with which iis jurisdiction is concurrent, for the purpose of *232 exercising and effectuating such, jurisdiction. But it is apparent, that this section confers no greater jurisdiction on the County Court than it already possessed under see. 4203, that is, the jurisdiction necessary and proper to carry out the original jurisdiction conferred.
As we have seen, the original jurisdiction is limited to the ascertainment of the state of the guardian’s accounts. By sec. 4204, the County Court has all the incidental powers possessed by the Chancery Court, in such case, for exercising and effectuating its jurisdiction; that is, for ascertaining and settling the amount in the hands of the guardian.
It was held by the Court in the case of Bond v. Clay, 2 Head, 379, that sections 4204 and 4205 of the Code, are merely declaratory of the law, as it previously existed, in regard to the jurisdiction of the County Court upon the subject, without investing in that tribunal any new or more extended power and authority.
In Young v. Shumate, 3 Sneed, 369, this Court said, that “the jurisdiction of the County Court, in regard to the sale of real estate, or slaves, though of an equitable nature, is very limited in its extent. It is merely what the statute has expressly conferred, and nothing more. It extends simply to the making and completion of the sale in the particular case, and when that is accomplished, the jurisdiction is exhausted.”
So also in regard to the jurisdiction of the *233 County Court as to the settlement of guardian accounts. The statute has conferred no further jurisdiction than the settlement of the accounts. When' this is accomplished, and the state of the accounts ascertained, the jurisdiction is exhausted.
- hlo power is conferred to render judgment or ■award execution. The settlement is valid, and may be used as prima fade evidence against the guardian 'in an action on his bond,- or in a suit in chancery for the settlement of his trust. But the fact that the settlement is not conclusive oil the parties shows that it could not be the basis of a judgment.
So much of the proceedings of the County Court as relate .to the rendition of judgment and awarding of execution, is reversed, and declared null and void. The costs of this Court will be paid by the appellees.